STATE OF OREGON,
*Appellant,*

*v.*

RODNEY WAYNE INGMAN,
*Respondent.*

(91112504; CA A77130)

870 P2d 861

Jonathan H. Fussner, Assistant Attorney General, argued the cause for appellant. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Greg Wasson argued the cause and filed the brief for respondent.

Before Deits, Presiding Judge, and Richardson, Chief Judge, and Riggs, Judge.*

---

* Riggs, J., *vice* Durham, J.

DEITS, P. J.

## DEITS, P. J.

The state appeals the trial court's suppression of evidence discovered during a search of defendant's person incident to arrest and a subsequent consensual search of his car. The state argues that the trial court erred in concluding that the officer did not have probable cause to arrest defendant. We reverse and remand.

Officer Howrey lawfully stopped defendant for a traffic offense. During the stop, Howrey saw a semi-automatic pistol in a holster on the passenger seat of defendant's car. He also noticed that defendant appeared "very nervous" and that his "arms and hands were shaking severely." Howrey asked him about the gun, and he said that he carried it with him "wherever he went." Before issuing defendant a traffic citation for speeding, Howrey ran a routine records check. The dispatcher erroneously informed Howrey that defendant had been convicted of a felony. He returned to defendant's car and again asked him about the gun. He noticed that since he had first observed the gun, its magazine had been removed. On Howrey's request, defendant gave him the gun. Howrey asked defendant about the magazine that had been in the gun, and defendant said that it was in his pocket. Defendant then reached into his pocket and removed the magazine, which was fully loaded with 9 mm cartridges. Howrey asked defendant about his felony conviction. Defendant said that it was for possession of more than an ounce of marijuana, but that he was off probation and thought that he could carry a gun. Howrey told defendant that the records check showed that he was a felon in possession of a firearm.

Howrey next asked defendant to step out of the car and told him that he could be arrested. He asked defendant if he could search him. Defendant initially consented and agreed to empty his pockets. However, he did not empty his right front pocket. Howrey observed something bulky protruding from that pocket, but defendant refused to allow Howrey to search it. Howrey then arrested him for being a felon in possession of a firearm. Incident to the arrest, he searched defendant and discovered marijuana. Howrey read defendant his *Miranda* rights and then asked him if he could search his car. Defendant consented to a search of his car and

admitted that there was more marijuana and some cocaine in it. Howrey searched the car and seized the drugs.

At trial, defendant moved to suppress the evidence seized from his person and his car on the grounds that Howrey did not have probable cause to arrest him and that his consent to the search of his car was tainted by the illegal police conduct. The trial court found that it was reasonable for Howrey to rely on the information from the dispatcher. However, it granted defendant's motion to suppress, concluding that Howrey did not have probable cause to arrest defendant because he had not been convicted of a felony. The trial court concluded that "any action[s] taken by the officer, except to deliver the traffic citation after he received the report were unreasonable" and had "defendant not been unreasonably detained the search would not have occurred."

ORS 131.005(11) defines "probable cause" to arrest:

" 'Probable cause' means that there is a substantial objective basis for believing that more likely than not an offense has been committed and a person to be arrested has committed it."

In *State v. Owens*, 302 Or 196, 204, 729 P2d 524 (1986), the Supreme Court explained:

"Probable cause under the Oregon Constitution has both a subjective and an objective component. An officer must subjectively believe that a crime has been committed and thus that a person or thing is subject to seizure, and this belief must be objectively reasonable in the circumstances. The test is not simply what a reasonable officer *could have* believed when he conducted a warrantless search or seizure, but it is what this officer actually believed, *based upon the underlying facts of which he was cognizant,* together with his own training and experience." (First emphasis in original; second emphasis supplied.)

In *State v. Esplin*, 314 Or 296, 304, 839 P2d 211 (1992), in the context of a challenge to a search warrant on the basis of a lack of probable cause, the court said:

"Defendant argues, in essence that the objective component of probable cause to search means that the officer's belief must *later* be validated as correct and based on infallible information. The requirement of probable cause to search refers, however, to the time that the officer acts. At

that time, the officer must subjectively believe that a crime has been committed and that a thing is subject to seizure, and the officer's belief need only be objectively reasonable *then*. In the context of obtaining a warrant, the relevant time is when the officer seeks a warrant from the magistrate." (Emphasis in original.)

Here, Howrey knew, on the basis of his observations, that defendant had a semi-automatic gun in his possession. He also believed, based on the dispatcher's report,[1] that defendant had been convicted of a felony. There is nothing in the record that indicates that Howrey should have had any doubt about the accuracy of that information at the time that he obtained it from the dispatcher. In response to Howrey's inquiries about his felony conviction, defendant said that it was for possession of more than an ounce of marijuana and that he thought he could carry a gun because he was off probation. On the basis of the "underlying facts of which he was cognizant" at the time of the arrest, Howrey had both a subjective and an objectively reasonable belief that defendant was a felon in possession of a firearm. That was sufficient to establish probable cause for defendant's arrest. ORS 133.310(1)(a).[2] The fact that subsequent information showed that defendant had not been convicted of a felony, because the adjudication of the charge had been deferred, does not mean that the officer lacked probable cause at the time that he made the arrest. *See State v. Steinke*, 88 Or App 626, 630, 746 P2d 758 (1987); *see also State v. Perry*, 39 Or App 37, 42, 591 P2d 379 (1979); *State v. Somfleth*, 8 Or App 171, 177, 492 P2d 808, *rev den* (1972).

Defendant's other arguments for suppression of the evidence depend on the unlawfulness of the arrest. Accordingly, we conclude that the trial court erred in granting defendant's motion to suppress.

Reversed and remanded.

---

[1] The trial court found that it was reasonable for Howrey to rely on the information provided by the dispatcher. Defendant does not challenge that finding.

[2] ORS 133.310(1) provides, in part:

"A peace officer may arrest a person without a warrant if the officer has probable cause to believe that the person has committed any of the following:

"(a) A felony."

It is a Class C felony for a person convicted of a felony to possess a firearm. ORS 166.270(1).