Argued and submitted October 3, 1994, reversed and remanded February 15, 1995

# STATE OF OREGON,
*Appellant,*

*v.*

# GARY MICHAEL FAST,
*Defendant,*

*and*

# ADAM NEWELL VOGEL,
*Respondent.*

## (93-1085-A-C2, 93-1085-B-C2; CA A81767)

889 P2d 1349

Jonathan H. Fussner, Assistant Attorney General, argued the cause for appellant. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Carl Caplan filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

**LANDAU, J.**

▪ The state appeals from an order suppressing evidence. We reverse.

The facts are not in dispute. Police obtained a warrant containing the following language:

> "YOU ARE HEREBY DIRECTED TO SEARCH that certain premise [*sic*] located at 322 Garfield, City of Ashland, County of Jackson, State of Oregon, and the person[] of * * * [defendant[1]] Adam Vogel * * * to search for the controlled substance Hashish, which is a violation of State Statutes and is contrary to the laws of the State of Oregon * * *."

On their way to defendant's house to execute the warrant, police saw defendant driving away from the house. An officer stopped him approximately one block away from the house, and informed defendant that he was not under arrest, but that the police did have a warrant to search his house. The officer read defendant *Miranda* warnings. He asked defendant if he had any controlled substances on him. Defendant replied that he had some marijuana in the pocket of his jacket. The officer did not search the jacket pocket at that time. Defendant and the officer then went to defendant's house. When they arrived at the house, the officer looked in the jacket pocket and found hashish.

Defendant was charged with possession of a controlled substance. Before trial, he moved to suppress the evidence of the hashish.[2] The trial court granted defendant's motion, finding that the police officer had no reason to stop defendant as he left the house. On appeal, the state assigns error to the trial court's suppression of that evidence. We review the trial court's decision to determine whether it correctly applied the law to its findings of fact. *State v. Ehly*, 317 Or 66, 75, 854 P2d 421 (1993).

---

[1] Defendant Gary Michael Fast also lived at the 322 Garfield residence and was charged with two counts of possession of a controlled substance. He is not, however, involved in this appeal. Therefore, when we refer to defendant, we mean Adam Newell Vogel only.

[2] Defendant also moved to suppress evidence obtained from the search of his house, pursuant to the warrant. The trial court denied that motion, and that ruling is not challenged on appeal.

The state argues that the trial court erred as a matter of law in concluding that the police had no valid reason to stop defendant as he drove away from his house. According to the state, the search warrant itself authorized the officer to search defendant; hence, it necessarily authorized the officer to stop defendant. Defendant argues that the search warrant must be read to authorize a search of defendant only if he is found at his residence; therefore, the warrant provides no basis for the stop.

The validity of the search warrant is not at issue. The only question is its scope. The language of the warrant plainly authorized the police to search defendant, not just his house. Nothing in the language of the warrant limits the authority of the police to search defendant only if he is found at his residence or any other location. Accordingly, the police were authorized to search defendant, whether he is found at his house or, as in this case, one block away.

A stop is less intrusive than a full-blown search of defendant's person. *See State v. Holmes*, 311 Or 400, 407, 813 P2d 28 (1991). It necessarily follows, then, that authorization to conduct such a full-blown search also authorizes a less-intrusive stop. That is, in fact, the manner in which we have addressed police authority in analogous situations. In *State v. Steinke*, 88 Or App 626, 746 P2d 758 (1987), for example, the defendant was stopped on suspicion of having violated an Abuse Prevention Act restraining order. The defendant argued that the Act conferred authority only to arrest, but not merely to stop, persons suspected of violating a restraining order. We rejected that argument:

> "[I]n this case, although the legislature has not expressly granted authority to the police to stop a suspected violator of a restraining order, *in view of the requirement that officers must arrest persons who violate those orders, * * * it is reasonable and necessary to imply the authority to stop persons reasonably suspected of doing that.*" 88 Or App at 628-29. (Emphasis supplied; footnote and citations omitted.)

We reject that argument in this case, too. The warrant, supported by an unchallenged affidavit establishing probable cause, expressly authorized the police to search defendant. Under the circumstances, as in *State v. Steinke,*

*supra*, it is both reasonable and necessary to imply the authority from that warrant to stop defendant as well.

Reversed and remanded.