MEMORANDUM *
Plaintiff-Appellant Stephanie Weinstein was wrongfully arrested for trespassing when she refused a police officer’s direction to leave a residential property she co-owned as a tenant-in-common. Weinstein sued the arresting officer, Christopher Harrison, and the City of Eugene under 42 U.S.C. § 1983, alleging wrongful seizure in violation of the Fourth Amendment. The district court granted summary judgment to Harrison and the City, and Weinstein appeals. As the facts and *701 procedural history are familiar to the parties, we do not recite them here except as necessary to explain our disposition.
I.
Weinstein first asserts that Officer Harrison violated her Fourth Amendment rights because he lacked probable cause to arrest her. Generally, “probable cause does not exist where a police officer arrests an individual for activities that do not constitute a violation of the law.” Beier v. City of Lewiston, 354 F.3d 1058, 1065-66 (9th Cir.2004). However, even under this circumstance, probable cause for an arrest exists where the officer makes the erroneous arrest relying on a reasonable mistake of fact. United States v. Miguel, 368 F.3d 1150, 1153-54 (9th Cir.2004) (noting that “ ‘[a] mere mistake of fact will not render a stop illegal, if the objective facts known to the officer gave rise to a reasonable suspicion that criminal activity was afoot’ ” (quoting United States v. Mariscal, 285 F.3d 1127, 1131 (9th Cir.2002))); United States v. Dorais, 241 F.3d 1124, 1131 (9th Cir.2001). Building on this principle, we have held that an officer’s good-faith reliance on facts derived from a police report — even if those facts are later determined to be erroneous — can be sufficient to establish probable cause. See Rohde v. City of Roseburg, 137 F.3d 1142, 1143-44 (9th Cir.1998) (holding that probable cause existed to arrest driver where radio dispatcher erroneously told arresting officer that driver’s vehicle was stolen and driver produced only a vehicle title bearing another person’s name).
Here, the record indicates that Harrison’s decision to arrest Weinstein was substantially based on erroneous facts, specifically, the information from the June 2004 police report. Harrison relied heavily on information he received suggesting that a court order had given Magyar “sole occupancy” of the residence. In describing his decision to arrest Weinstein, Harrison stated: “I just knew that Sergeant Flynn had conducted some sort of investigation, along with the district attorney’s office, and determined that [Weinstein] wasn’t to be there.” Because it was not unreasonable for Harrison to rely on the factual misinformation gleaned from official police sources, see Dorais, 241 F.3d at 1131; Rohde, 137 F.3d at 1143-44, his mistake did not negate probable cause for Weinstein’s arrest.
It appears that mistakes of law largely informed the conclusion of the district attorney’s office and the June 2004 incident responding officers — Officer Michael Gilbert and Sergeant Kathryn Flynn — that Weinstein was trespassing. However, because only the facts and circumstances known to the arresting officer(s) are generally relevant to the resolution of this case, cf., e.g., Dorais, 241 F.3d at 1130-31; Rohde, 137 F.3d at 1143-44, what the district attorney’s office and the June 2004 incident responding officers did does not change our conclusion. Neither Flynn, Gilbert, nor the district attorney is a party in this case, and none of them arrested Weinstein. Though Weinstein contends that “Harrison’s error cannot be insulated by the errors of the other officers and the D.A.,” she provides no authority for that proposition, and we are aware of none.
II.
Because we find no underlying Fourth Amendment violation, Weinstein’s claim against the City under Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), fails. See Long v. City of Honolulu, 511 F.3d 901, 907 (9th Cir.2007), cert. denied, — U.S. -, 129 S.Ct. 62, 172 L.Ed.2d 25 (2008).
*702 III.
Weinstein’s state negligence claim fails for essentially the same reasons that her § 1983 Fourth Amendment claim does. See State v. Ingman, 127 Or.App. 27, 870 P.2d 861, 862-63 (1994) (finding probable cause for arrest of felon in possession of firearm where police report erroneously stated that defendant was convicted felon).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.