Argued and submitted August 20, affirmed October 20, 1993

## OMAR M. CARROLL, III,
*Petitioner,*

*v.*

## BOARD OF PAROLE AND POST-PRISON SUPERVISION,
*Respondent.*

(CA A76166)

859 P2d 1203

Sally L. Avera, Public Defender, argued the cause for petitioner. With her on the brief was Lawrence J. Hall, Deputy Public Defender.

Harrison Latto, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

LEESON, J.

**LEESON, J.**

Petitioner seeks review of a Board of Parole order that sustained his judicially imposed minimum sentence. We affirm.

Petitioner was convicted of murder in 1985. The court set his minimum sentence at 25 years. A unanimous vote of the Board is required to override a minimum sentence for murder. ORS 163.115(3)(d). At petitioner's 1992 hearing, three of the four Board members voted not to override the minimum sentence, citing the seriousness of petitioner's crime.

Petitioner contends that the seriousness of the crime was made a ground for sustaining a minimum sentence by a 1988 amendment to OAR 255-40-25, and that application of that amendment at his hearing violated the *ex post facto* clauses of the state and federal constitutions.

In *Anderson v. Board of Parole*, 303 Or 618, 625-26, 740 P2d 760 (1987), which construed the pre-1988 rules, the court said:

> "[T]he administrative procedure for minimum sentence review works like this: The Board takes a vote to overrride [*sic*] the minimum sentence. If [the required number of] votes are not garnered to override, the basis of the decision simply results from the lack of [enough] affirmative votes on that issue. * * * [T]he criteria, justification or 'detailed bases' for such Board action are simply that there are not enough votes to override."

In 1985, what constituted sufficient grounds for sustaining a minimum sentence was a matter firmly within each Board member's discretion. At that time, as now, a Board member could properly have considered the seriousness of a petitioner's crime. There was no *ex post facto* violation.

Affirmed.