Argued and submitted March 30, reversed and remanded for reconsideration
May 10, 1995

## ROBERT BRUCE THIERMAN,
*Petitioner,*

*v.*

## BOARD OF PAROLE AND
## POST-PRISON SUPERVISION,
*Respondent.*

### (CA A84385)
894 P2d 1250

Hari Nam S. Khalsa, Deputy Public Defender, argued the cause for petitioner. With him on the brief was Sally L. Avera, Public Defender.

Robert K. Lau, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Petitioner seeks review of an order of the Board of Parole and Post-Prison Supervision that requires him to serve 36 months of supervised parole pursuant to ORS 144.085(1)(b). He argues that application of ORS 144.085 to him violates constitutional prohibitions against *ex post facto* laws. We reverse and remand.

■  Petitioner was convicted of murder and first degree robbery committed on November 12, 1985. The court sentenced petitioner to life in prison. The Board set petitioner's release date at November 21, 1995, and ordered, pursuant to ORS 144.085(1)(b),[1] that he serve a three-year term of supervised parole. Petitioner appeals and argues that the application of ORS 144.085(1)(b) to him violates *ex post facto* principles. Because parole is a component of a sentence, no law that increases the term of parole may be applied to a convicted person to the person's detriment if the law was adopted after the date on which the person committed the underlying crime. *Byrnes v. Board of Parole*, 134 Or App 296, 300, 894 P2d 1252 (1995).

Thus, we must determine whether petitioner is disadvantaged by the application of ORS 144.085(1)(b). At the time petitioner committed his offenses, *former* ORS 144.310, *repealed by* Or Laws 1993, ch 680, § 7, provided:

> "When a paroled prisoner has performed the obligations of his parole for such time as satisfies the State Board of Parole that his final release is not incompatible with his welfare and that of society, the board may make a final order of discharge and issue to the paroled prisoner a certificate of discharge; but no such order of discharge shall be made within a period of less than one year after the date of release on parole, except that when the period of the sentence imposed by the court expires at an earlier date, a final order of discharge shall be made and a certificate of discharge issued to the paroled prisoner not later than the date of expiration of the sentence."

---

[1] ORS 144.085(1)(b) provides:

"Prisoners sentenced as dangerous offenders under ORS 161.725 and 161.735, for aggravated murder under ORS 163.105 or for murder under ORS 163.115 shall serve at least three years of supervised parole or post-prison supervision."

In addition, *former* OAR 255-90-002 (May 31, 1985), *repealed* October 15, 1993, directed the Board to establish a term of supervised parole. That term was based on the offender's crime severity rating and criminal history/risk score. Petitioner's crime severity rating is 6 and his criminal history/risk score is 9. Under the matrix provided by *former* OAR 255-90-002, petitioner would have been given a one-year term of supervised parole. After one year of supervised parole, petitioner would have been eligible for final discharge from parole. *Former* OAR 255-90-010 (May 31, 1985), *repealed* October 15, 1993.

■ The application of ORS 144.085(1)(b) to petitioner violates the state constitutional guarantee against *ex post facto* laws, because it subjects him to a longer minimum period of parole than he would have faced under the rules in effect when he committed his crimes. *Byrnes*, 134 Or App at 300. Thus, ORS 144.085(1)(b) cannot be applied to petitioner.

■ Petitioner also argues that the Board erred in denying him a reduction in his prison term. In denying the reduction, the Board considered the seriousness of petitioner's crimes, which is a factor that was not listed in the administrative rules that were in effect at the time petitioner committed his crimes. Petitioner argues that consideration of the crime-seriousness factor constituted an *ex post facto* violation. We have previously rejected this argument in a similar context. *See Carroll v. Board of Parole*, 124 Or App 180, 182, 859 P2d 1203 (1993) (finding no *ex post facto* violation when the Board considered the seriousness of a crime in deciding not to overturn a minimum prison sentence). We conclude, for the reasons stated in *Carroll*, that Board consideration of the seriousness of petitioner's crimes did not violate the state or federal *ex post facto* provisions.

Reversed and remanded for reconsideration.