Argued and submitted June 28, affirmed July 26, 1995

## JOHN W. KREBS,
*Petitioner,*

*v.*

## BOARD OF PAROLE AND POST-PRISON SUPERVISION,
*Respondent.*

(CA A85539)

900 P2d 530

Hari Nam S. Khalsa, Deputy Public Defender, argued the cause for petitioner. With him on the brief was Sally L. Avera, Public Defender.

Robert K. Lau, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

**ARMSTRONG, J.**

Petitioner seeks review of an order of the Board of Parole and Post-Prison Supervision (Board) that requires him to serve 12 months of supervised parole pursuant to OAR 253-93-000. Petitioner was convicted of first degree robbery and first degree burglary committed on May 29, 1985. The Board set petitioner's release date at April 8, 1995, and ordered, pursuant to OAR 253-93-000, that he serve a 12-month term of supervised parole. On appeal, petitioner argues only that the 12-month term of supervised parole imposed by the Board violates constitutional prohibitions against *ex post facto* laws, because he claims he would have received only a 6-month term of supervised parole under the law in effect at the time he committed his crimes. We affirm.

In *Byrnes v. Board of Parole*, 134 Or App 296, 894 P2d 1252 (1995), we held that, because parole is a component of a sentence, no law that increases the term of parole may be applied to a convicted person to the person's detriment if the law was adopted after the date on which the person committed the underlying crime. *See also Thierman v. Board of Parole*, 134 Or App 304, 894 P2d 1250 (1995). Thus, we must determine whether the 12-month term of supervised parole disadvantages petitioner.

At the time petitioner committed his offenses, *former* OAR 255-90-002 (May 31, 1985) directed the Board to establish a term of supervised parole that was based on the offender's crime severity rating and criminal history/risk score. According to the Board Action Form that set the terms of petitioner's parole, petitioner's crime severity rating is six and his criminal history/risk score is two. Under the matrix provided by *former* OAR 255-90-002, petitioner would have been given a 12-month term of supervised parole, not a 6-month term as petitioner claims. Thus, the 12-month term of supervised parole mandated by OAR 253-93-000 does not disadvantage petitioner.

Affirmed.