Submitted January 2, OAR 255-030-0026, OAR 255-032-0015, OAR 255-035-0023(1), and OAR 255-040-0025 held valid June 10, 2009

JEFFREY D. HALLADAY,
*Petitioner,*

*v.*

BOARD OF PAROLE
AND POST-PRISON SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A138293

209 P3d 854

Jeffrey D. Halladay filed the brief *pro se.*

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jeremy C. Rice, Assistant Attorney General, filed the brief for respondent.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

WOLLHEIM, J.

**WOLLHEIM, J.**

Petitioner challenges the validity of four administrative rules pursuant to ORS 183.400.[1] The rules in question—OAR 255-030-0026, OAR 255-032-0015, OAR 255-035-0023(1), and OAR 255-040-0025—concern aspects of parole hearings for inmates convicted of murder and aggravated murder. Petitioner contends that those rules are unconstitutional because they treat individuals convicted of aggravated murder more favorably than individuals convicted of murder. We conclude that petitioner's challenges depend on specific factual situations that may or may not arise under the rules, and we therefore reject his facial challenges for that reason.

■        Petitioner challenges the validity of four rules of the Board of Parole and Post-Prison Supervision. The first of those rules, OAR 255-030-0026, addresses who may appear and speak on behalf of an inmate at a board hearing. The second, OAR 255-032-0015, establishes who may petition the board for a "hearing to determine whether the inmate is likely to be rehabilitated within a reasonable period of time." The third, OAR 255-035-0023(1), authorizes the board to override certain judicially imposed minimum sentences. The fourth, OAR 255-040-0025, governs "personal review hearings" and sentence reductions for inmates with established prison terms greater than 36 months.

In his four assignments of error, petitioner asserts that those rules, in conjunction with ORS 163.105 and the version of ORS 163.115(3)(c) in effect between 1985 and 1989, create a disparity of treatment between individuals convicted of aggravated murder and individuals convicted of murder. At the center of petitioner's challenges is the fact that, between 1985 and 1989, the circuit court had discretion to impose minimum terms of imprisonment of up to 25 years for a person convicted of murder. At the same time, ORS 163.105 allowed a person convicted of aggravated murder to become parole eligible after only 20 years. *See Fleming v. Board of Parole*, 225 Or App 578, 599, 202 P3d 209 (2009) (describing

---

[1] ORS 183.400(1) allows any person to file a petition with the Court of Appeals challenging the validity of any rule. The court shall declare the rule invalid if, among other reasons, the rule violates a constitutional provision. ORS 183.400(4)(a).

parole eligibility of a person convicted of aggravated murder after 20 years under ORS 163.105(3) (1985)). In petitioner's view, the challenged rules make it easier for a person convicted of aggravated murder to obtain parole than for a person convicted of murder who has been sentenced to more than 20 years in prison, thereby violating the convicted murderer's constitutional rights.[2]

■        Even assuming that petitioner is correct regarding the effect of the board's rules—an issue that we expressly do not reach—he cannot prevail in this rule challenge under ORS 183.400. Judicial review under that statute is "limited to the face of the rule and the law pertinent to it. Numerous individual fact situations can arise under any rule, but judicial review of the rule as applied to each of those situations is reserved to other forums." *AFSCME Local 2623 v. Dept. of Corrections*, 315 Or 74, 79, 843 P2d 409 (1992). That is, petitioner cannot prevail in a rule challenge of this nature unless he can demonstrate that the rules, on their face, "[v]iolate[ ] constitutional provisions." ORS 183.400(4)(a).[3]

Petitioner's contention, however, is that the rules are unconstitutional as applied to all convicted murderers who were sentenced to more than 20 years in prison under the version of ORS 163.115 in effect between 1985 and 1989. However, even during that four-year period, the law did not *require* a term of imprisonment greater than 20 years for murder. Rather, it required a 10-year minimum sentence and authorized an additional minimum term of 15 years, at the court's discretion. ORS 163.115(3)(c) (1985) (providing that, in addition to the mandatory minimum 10-year sentence, the court "may order that the defendant shall be confined for a

---

[2] Specifically, petitioner contends that the rules violate a convicted murderer's rights under the Due Process and Equal Protection clauses of the Fourteenth Amendment, the equal privileges clause of Article I, section 20, of the Oregon Constitution, and, in the case of OAR 255-040-0025, the cruel and unusual and disproportionate punishment clauses of the Eighth Amendment and Article I, section 16, of the Oregon Constitution.

[3] Petitioner does not contend that the rules exceed the statutory authority of the agency, ORS 183.400(4)(b), or were adopted without compliance with applicable rulemaking procedures, ORS 183.400(4)(c).

minimum term of up to an additional 15 years without possibility of parole, release on work release or any form of temporary leave or employment at a forest or work camp"); *see also Carroll v. Board of Parole*, 124 Or App 180, 859 P2d 1203 (1993) (describing ability of the board to override a 25-year minimum sentence for murder under ORS 163.115(3)).

In the case of convicted murderers who were sentenced to *less than* 20 years in prison under the version of ORS 163.115(3)(c) in effect between 1985 and 1989, petitioner's arguments regarding disparate treatment of parole *after* 20 years are inapposite. That is, for some convicted murderers, the rules do not operate unconstitutionally, even under petitioner's construct. For that reason, we conclude that petitioner's contention that those rules operate unconstitutionally, though styled as a rule challenge under ORS 183.400, is truly an as-applied challenge that depends on the particular facts of petitioner's case. Accordingly, we reject his rule challenges on that basis. *AFSCME Local 2623*, 315 Or at 79.

OAR 255-030-0026, OAR 255-032-0015, OAR 255-035-0023(1), and OAR 255-040-0025 held valid.