Argued and submitted January 20, Court of Appeals affirmed, trial court reversed and remanded to trial court for further proceedings September 15, 1987

## STATE OF OREGON,
*Petitioner on Review,*

*v.*

## STEVEN C. ANDERSON,
*Respondent on Review.*

## (TC G 16104; CA A35552; SC S33384)

743 P2d 715

Dave Frohnmayer, Attorney General, Salem, argued the cause for petitioner on review. With him on the petition were Virginia L. Linder, Solicitor General, and David Schuman, Assistant Attorney General, Salem. Also on the memorandum in response to court questions was Richard D. Wasserman, Assistant Attorney General, Salem.

Orrin Leigh Grover, Molalla, filed a memorandum in

response to court questions and argued the cause for respondent on review.

CARSON, J.

Gillette, J., specially concurred and filed an opinion in which Jones, J., joined.

Peterson, C. J., dissented and filed an opinion in which Campbell, J., joined.

**CARSON, J.**

This case involves the legality of a sobriety roadblock conducted to discover and arrest persons committing the crime of driving while under the influence of intoxicants and to gather evidence for use in the criminal prosecution.

From 10:15 to 11:45 p.m., on the evening of May 18, 1984, the Oregon State Police, in conjunction with officers of the Clackamas County Sheriff's Department, set up a roadblock on Highway 213 at South Mulino Road. The purpose of the roadblock was to check for vehicle registrations and driver sobriety. Defendant was among those stopped. He was arrested for driving under the influence of intoxicants, ORS 487.540, since renumbered as 813.010, and for violating the open container law, ORS 487.841, renumbered 811.170. He moved to suppress evidence of these offenses, claiming that the stop was illegal because it was unauthorized by statute or regulation and in violation of Article I, section 9, of the Oregon Constitution. The trial court denied the motion. The Court of Appeals reversed *per curiam,* relying on its decision in *Nelson v. Lane County,* 79 Or App 753, 720 P2d 1291 (1986), *aff'd* 304 Or 97, 743 P2d 692 (1987).

In *Nelson v. Lane County,* we suggested that an administrative search, that is, one for a purpose other than the enforcement of laws by means of criminal sanctions, could be authorized by lawmakers and conducted pursuant to administrative regulations. Plaintiff Nelson was not subjected to criminal sanctions, and defendant Oregon State Police presented a document it characterized as an administrative regulation governing roadblocks. However, defendant was unable to point to the necessary explicit statutory authorization to conduct roadblocks. We held that a lack of authority rendered the roadblock illegal.

In this case, as in *State v. Boyanovsky,* 304 Or 131, 743 P2d 711 (1987), criminal sanctions unquestionably were the intended consequence of the roadblock. Evidence deduced from the roadblock stop was used against defendant to secure his conviction. Evidence thus used must be obtained within the usual constitutional proscriptions. Or Const, Art I, § 9. The officers had neither a warrant nor individualized suspicion that defendant was engaged in illegal activity. The evidence therefore must be suppressed.

The decision of the Court of Appeals is affirmed. The decision of the trial court is reversed. The case is remanded to the trial court for further proceedings in accordance with this opinion.

**GILLETTE, J.,** specially concurring.

I concur in the result reached by the lead opinion for the reasons expressed in my separate opinion in *State v. Boyanovsky,* 304 Or 131, 743 P2d 711 (1987).

Jones, J., joins in this specially concurring opinion.

**PETERSON, C. J.,** dissenting.

I dissent for the reasons set forth in my dissenting opinion in *Nelson v. Lane County,* 304 Or 97, 743 P2d 692 (1987).

Campbell, J. joins in this dissent.