AFSCME LOCAL 2623,
Dave Versteeg and Kay Woosley,
*Petitioners,*

*v.*

DEPARTMENT OF CORRECTIONS,
State of Oregon and Fred Pearce,
*Respondents.*

(CA A62602)

820 P2d 892

Barbara J. Diamond, Portland, argued the cause for petitioners. With her on the briefs was Bennett & Durham, Portland.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Petitioners seek judicial review of rules of the Oregon Department of Corrections that permit warrantless searches of state corrections system employees. They filed their opening brief in March, 1990. In June, respondents (Department) moved to hold the appeal in abeyance to allow Department to amend its rules. In January, 1991, Department adopted amended OAR 291-41-005 *et seq.* The amendments permit searches only if there is reasonable suspicion, OAR 291-41-030(1),[1] require a corrections manager to request the search, OAR 291-41-030(2), increase safeguards as to the manner of the search and eliminate former provisions covering identification and storage of contraband.

In March, petitioners filed an amended petition for review. They concede that the amended rules have eliminated some of their concerns. Despite the changes, however, they contend that the rules are unconstitutional under Article I, section 9, of the Oregon Constitution.

Petitioners first argue that the rules still permit criminal, not administrative, searches. They contend that the rules do not make it sufficiently clear that no criminal consequences will attach to searches and seizures authorized by the rules. They note that the previous rule codified Department's policy of using the fruits of employee searches for criminal prosecution and that the deletion of that rule does not remove the concern that seized items still will be turned over to law enforcement officials. They ask us to require the rules to contain clear language that the state will not base criminal prosecutions on the searches or, alternatively, to declare that Department has no authority to search employees for law enforcement purposes.

Relying on *Nelson v. Lane County,* 304 Or 97, 743 P2d 692 (1987), Department responds that it is unnecessary

---

[1] "Reasonable suspicion" is defined in OAR 291-41-010(12) as

"[a]n apparent state of objective facts and rational inferences drawn therefrom that would cause a reasonable and experienced correctional staff person to conclude that individual is in the possession of unauthorized property or contraband."

Neither party challenges the apparent premise of the rule that there is a constitutional requirement that the search be based on individualized suspicion. We specifically do not address that issue.

for the rules to prohibit contraband from being used as evidence in a criminal case, because that is already the law in Oregon. *See State v. Anderson,* 304 Or 139, 743 P2d 715 (1987); *State v. Boyanovsky,* 304 Or 131, 743 P2d 711 (1987). However, the searches in those cases were not based on individualized suspicion. Furthermore, Department does not concede that evidence, other than that searched for, could not be used in a criminal prosecution.

■ We agree with Department that this is not the proceeding to resolve the dispute between petitioners and Department as to whether the rule should contain the language that petitioners seek. The scope of review does not include the authority for this court to rewrite the rules or to define the limits of Department's authority in the abstract. Under ORS 183.400, we may declare a rule invalid *only if* it violates constitutional provisions, exceeds statutory authority or was adopted without compliance with applicable provisions. If the purpose of the rules is to permit searching for evidence of a crime, then the constitutional strictures of Article I, section 9, must be satisfied. Department represents that the intended consequences are noncriminal, and petitioners have identified nothing in the rules that authorizes or requires Department officials to conduct searches for the purpose of criminal prosecution. If evidence of a crime were discovered during an employee search and a criminal prosecution followed, the affected employee would then have a forum in which to assert that the search was unlawful. Petitioners have not shown that the rules can have criminal consequences.

Petitioners next argue that, even if the rules cover only administrative searches, Department has no legislative grant of authority to conduct such searches. They contend that, under Article I, section 9, and applicable case law, administrative searches cannot be based on a general grant of authority. Department first promulgated the rules in reliance on ORS 423.020 and ORS 423.075. The amended rules add ORS 179.040 and ORS 423.030 as sources of authority.[2]

---

[2] ORS 179.040(1) provides, in part, that Department shall:

"(a) Govern, manage and administer the affairs of the public institutions and works within [its] * * * jurisdictions.

"* * * * *

Petitioners assert that none of those statutes provides the kind of specific legislative authority necessary to support this type of governmental intrusion.

Department argues that there does not have to be an explicit statement of the right to conduct searches. It argues that the authority can be implied when it is reasonable to assume that the legislature intended that a search could be performed as part of carrying out a more general duty. Department cites *State v. Pidcock,* 306 Or 335, 759 P2d 1092 (1988), in which the Supreme Court upheld the search of a briefcase in which contraband was discovered. The police made the search in an attempt to locate the owner of the case. The only authority for the search was the general statute requiring a finder of lost property to attempt to return it to the owner. ORS 98.005. In *State v. Steinke,* 88 Or App 626, 746 P2d 758 (1987), we held that it was reasonable to imply authority to stop persons who are suspected of violating restraining orders in view of the requirement of ORS 133.310(3) that officers arrest those persons. *See also State v. Holmes,* 311 Or 400, 813 P2d 28 (1991).

The thrust of Department's position is that whether the legislature has granted authority to search must be determined in the context in which the search takes place. It argues that here searches are limited to persons employed in the operation of prisons. In that context, it contends that the authority to search is implicit in the statutory directives to Department to provide for the health and security of persons confined in state prisons.

---

"(d) Make and adopt rules, not inconsistent with law, for the guidance of [the] department * * * and for the government of [its] * * * institutions."

ORS 423.020(1) provides, in part, that Department shall:

"(c) Exercise custody over those persons sentenced to a period of incarceration until such time as a lawful release authority authorizes their release;

"(d) Provide adequate food, clothing, health and medical care, sanitation and security for persons confined[.]"

ORS 423.030 provides:

"The enumeration of duties, functions and powers in ORS 423.020 is not exclusive nor intended as a limitation on the powers and authority vested in the Department of Corrections by other provisions of law."

ORS 423.075(5) provides, in part, that the Director of Department shall:

"(d) Provide for the safety of all prisoners in the custody of the department and may adopt rules for the government and administration of the department."

■     We agree. Not all agencies may find implicit authority to search from a general legislative directive for the agency to provide for health and safety. However, given the serious risks posed by drugs or weapons in prison, we conclude that the legislative directive to Department to provide for safety carries with it the implicit authorization to intercept contraband and to do so, if necessary, by means of a search.

■     Petitioners' final argument is that OAR 291-41-015(1)[3] is unconstitutional, because it allows a search without an administrative warrant issued on the basis of probable cause. They cite no authority but contend that the individualized search here is "far removed from the traditional warrantless administrative search [of premises] which does not isolate individuals from the crowd * * *." Department argues that the requirement of reasonable suspicion negates the possibility of a search at the discretion of officials. We hold that the limits in the rules, including the requirement that searches be based on reasonable suspicion, sufficiently limit Department's discretion and provide the measure of control over the search that would be provided by a warrant. That is sufficient to avoid constitutional invalidity on this review. *See State v. Weist,* 302 Or 370, 376, 730 P2d 26 (1986).

    Rules held valid.

---

[3] OAR 291-41-015(1) provides:

    "All inmates, employees/volunteers and visitors confined, working or visiting in a Department of Corrections facility will be subject to search of their persons, cells or other living units, work areas, vehicles, possessions, and other property in accordance with the procedures provided in this rule. In addition, all such persons will be subject to security inspection by means of a security device such as a metal detector, if such exists. Accompanying property brought into, or taken out of a Department of Corrections facility by a visitor or an employee may also be subject to visual and/or hand examination by staff members assigned to such duty by the functional unit manager or designee, or the Department of Corrections Inspector General or designee. Drug detection dogs may be used to assist authorized Department of Corrections personnel [to] detect and control contraband within Department of Corrections facilities and property."

Petitioners challenge the validity of the rule only insofar as it applies to employees.