Argued and submitted May 8, decision of Court of Appeals affirmed
December 24, 1992

AFSCME LOCAL 2623,
Dave Versteeg and Kay Woosley,
*Petitioners on Review,*

*v.*

DEPARTMENT OF CORRECTIONS,
State of Oregon and Fred Pearce, Director,
*Respondents on Review.*

(CA A62602; SC S38764)

843 P2d 409

Barbara J. Diamond, Portland, argued the cause and filed the petition for petitioners on review. With her on the petition was Bennett and Durham, Portland.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause and filed the response for respondents on review. With him on the response were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

GILLETTE, J.

## GILLETTE, J.

This administrative law case involves a challenge to rules promulgated by the Oregon Department of Corrections (the Department). The rules permit the Department to ask employees to submit, under certain specified circumstances, to a search of their person and possessions. OAR 291-41-005 to 291-41-045. Two employees and their union[1] sought judicial review of those rules in the Court of Appeals under ORS 183.400.[2] That court held that the rules are valid. *AFSCME Local 2623 v. Dept. of Corrections*, 109 Or App 662, 820 P2d 892 (1991). We affirm the decision of the Court of Appeals in the respects hereafter described.

The rules in question, OAR 291-41-005 to 291-41-045, set forth procedures by which the Department asserts a right to ask for permission to and (if permission is given) to search employees, prison inmates, and visitors, as well as such persons' possessions. The Department first adopted the rules on June 30, 1989. After petitioners sought judicial review of those rules under ORS 183.400, claiming that the rules violated the employees' rights under Article I, section 9,

---

[1] Petitioner AFSCME Local 2623 is the exclusive representative of a bargaining unit of public employees employed by the Department at its correctional facilities. Petitioners Dave Versteeg and Kay Woosley are employees of the Department. This judicial review proceeding involves only the rights of prison employees; no issue as to the rights of prison inmates or visitors has been raised.

[2] ORS 183.400 states, in pertinent part:

"(1) The validity of any rule may be determined upon a petition by any person to the Court of Appeals in the manner provided for review of orders in contested cases. The court shall have jurisdiction to review the validity of the rule whether or not the petitioner has first requested the agency to pass upon the validity of the rule in question, but not when the petitioner is a party to an order or a contested case in which the validity of the rule may be determined by a court.

"* * * * *

"(3) Judicial review of a rule shall be limited to an examination of:

"(a) The rule under review;

"(b) The statutory provisions authorizing the rule; and

"(c) Copies of all documents necessary to demonstrate compliance with applicable rulemaking procedures.

"(4) The court shall declare the rule invalid only if it finds that the rule:

"(a) Violates constitutional provisions;

"(b) Exceeds the statutory authority of the agency; or

"(c) Was adopted without compliance with applicable rulemaking procedures."

of the Oregon Constitution, but before the Court of Appeals issued a decision, the Department moved to hold the judicial review proceeding in abeyance in order to allow it to amend the rules. The Department adopted amended OAR 291-41-005 *et seq,* on January 22, 1991. Petitioners then amended their request for review to challenge the amended rules.[3]

The amended rules state that "any person employed by or volunteering with the Department * * * may be subject to search at any time in accordance with the procedures outlined in this rule." OAR 291-41-005(3). The "search" procedures for employees and volunteers provide:

"291-41-030(1) When to Search: Except as provided in rule 291-41-015 [which is not pertinent to our present inquiry], an employee or volunteer may be requested to submit to personal search of his/her person or vehicle or other possessions on Department property only when there is reasonable suspicion that the employee or volunteer is in possession of unauthorized property or contraband and that the search and seizure is necessary to substantiate the suspected violation.

"(2) Who is Involved in the Search:

"(a) Upon reasonable suspicion a functional unit manager, or his/her designee, may request the security manager or officer-in-charge or ranking employee on duty to conduct the search of an employee/volunteer, his/her vehicle, or other possessions. The employee/volunteer shall be present during the search of his/her vehicle or other possessions.

"(b) Employees/volunteers will be afforded privacy during the search, which will be conducted in a professional manner so as to avoid any undue embarrassment or indignity to the individual.

"(c) Refusal of an employee to submit to a reasonable suspicion search may constitute grounds for disciplinary action."

---

[3] This is a permissible process. A challenge to the validity of a rule is conducted by the Court of Appeals "in the manner provided for review of orders in contested cases." ORS 183.400(1). Judicial review of orders in contested cases is governed by ORS 183.482. Under the latter statute, an administrative agency can withdraw and revise an order during the judicial review process, and a party challenging the order may renew its challenge to the agency's amended order by filing an amended petition for judicial review. ORS 183.482(6).

Under OAR 291-41-010(12), "reasonable suspicion" is defined as

"[a]n apparent state of objective facts and rational inferences drawn therefrom that would cause a reasonable and experienced correctional staff person to conclude that an individual is in the possession of unauthorized property or contraband."

Petitioners argued to the Court of Appeals (and now argue to this court) that the Department has no explicit legislative authority to conduct the searches described in OAR 291-41-030 and that, if it does have such authority, the searches would violate petitioners' rights under Article I, section 9, of the Oregon Constitution.[4] The Court of Appeals held that, "given the serious risks posed by drugs or weapons in prison, we conclude that the legislative directive to Department to provide for safety carries with it the implicit authorization to intercept contraband and to do so, if necessary, by means of a search." *AFSCME Local 2623 v. Dept. of Corrections, supra,* 109 Or App at 667. The court also rejected petitioners' argument that the rules are unconstitutional because they permit a search without an administrative warrant issued on the basis of probable cause. The court held that "the limits in the rules, including the requirement that the searches be based on reasonable suspicion, sufficiently limit Department's discretion and provide the measure of control over the search that would be provided by a[n administrative] warrant. That is sufficient to avoid constitutional invalidity on this review." *Id.*[5]

---

[4] Article I, section 9, of the Oregon Constitution, provides:

"No law shall violate the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure; and no warrant shall issue but upon probable cause, supported by oath, or affirmation, and particularly describing the place to be searched, and the person or thing to be seized."

Petitioners do not make any claim under the federal constitution.

[5] Although petitioners argued in that court that the whole of OAR 291-41-015(1) is invalid, the Court of Appeals addressed only that portion of the rule that implicates OAR 291-41-030, the procedures that provide for the possible search of an employee. The court's holding did not address the remaining portion of OAR 291-41-015(1), which provides that all persons, including employees,

"*will be* subject to security inspection by means of a security device such as a metal detector, if such exists. Accompanying property brought into, or taken out of a Department of Corrections facility by a visitor or an employee *may also be* subject to visual and/or hand examination by staff members assigned to such

■    We emphasize at the outset the limited scope of the Court of Appeals' review (and ours) under ORS 183.400. Aside from questions that might arise concerning the facts surrounding the process of adopting a rule — questions not raised in this case — judicial review under ORS 183.400 is limited to the face of the rule and the law pertinent to it. Numerous individual fact situations can arise under any rule, but judicial review of the rule as applied to each of those situations is reserved to other forums. ORS 183.400(1). *See, e.g.*, ORS 183.482, ORS 183.484 (providing for judicial review of agency orders in various fact-specific situations). Petitioners' petition for review in this case refers to actions alleged to be occurring pursuant to the rules at issue here, but the legality of any particular application of the rules is premature, and not subject to review under ORS 183.400.

■    We first address petitioners' central contention, which is that the Department has no explicit statutory authority to adopt rules that claim for the Department the power to ask an employee to submit to a search and, if consent is given, to search that employee. OAR 291-41-005(1) states: "The authority for this rule is granted to the Director of Corrections in accordance with ORS 179.040, 423.020, 423.030, and 423.075." ORS 179.040 provides:

"(1)    The Department of Corrections * * * shall:

"(a)    Govern, manage and administer the affairs of the public institutions and works within [its] * * * jurisdiction[].

"* * * * *

---

duty by the functional unit manager or designee, or the Department of Corrections Inspector General or designee. Drug detection dogs *may be used* to assist authorized Department of Corrections personnel to detect and control contraband within Department of Corrections facilities and property."

(Emphasis supplied.) In the portion of OAR 291-41-015(1) that the Court of Appeals did not address, the only declaration as to what the Department *will* do refers to a "security inspection." OAR 291-41-010(14) states that a "security inspection" is not a search, but is "accomplished by means of an inspection device (i.e., metal detector), without the element of a personal contact search." OAR 291-41-010(7) defines "inspection device" as "[a]ny device (i.e., metal detector, fluoroscope, etc.) which is used to detect contraband in the form of metal or other foreign objects."

On review in this court, petitioners have not raised any issue as to whether subjecting employees to security inspections under OAR 291-41-015 is valid. Neither do petitioners argue that the Department adopted OAR 291-41-005 *et seq* "without compliance with applicable rulemaking procedures." ORS 183.400(4)(c). Therefore, we do not address those issues.

"(2) The department * * * may:

"* * * * *

"(b) Perform all legal and peaceful acts requisite and necessary for the successful management and maintenance of the institutions within [its] * * * jurisdiction[]."

ORS 423.020 provides:

"(1) The Department of Corrections is created. The department shall:

"(a) Supervise the management and administration of the Department of Corrections institutions, parole and probation services, community corrections and other functions related to state programs for corrections;

"* * * * *

"(c) Exercise custody over those persons sentenced to a period of incarceration until such time as a lawful release authority authorizes their release;

"(d) Provide adequate food, clothing, health and medical care, sanitation and security for persons confined[.]"

ORS 423.030 provides:

"The enumeration of duties, functions and powers in ORS 423.020 is not exclusive nor intended as a limitation on the powers and authority vested in the Department of Corrections by other provisions of law."

ORS 423.075 provides:

"(5) The Director of the Department of Corrections shall:

"* * * * *

"(c) Delegate to departmental employees such responsibilities and authority as the director determines to be necessary.

"*(d) Provide for the safety of all prisoners in the custody of the department and may adopt rules for the government and administration of the department.*"

(Emphasis supplied.)

As noted, petitioners argue that OAR 291-41-005 *et seq* is invalid because the Department *has no explicit statutory authority to search employees.* Petitioners rely on *Nelson v. Lane County*, 304 Or 97, 106, 743 P2d 692 (1987), where a

plurality of this court stated that sobriety roadblocks, set up to detect intoxicated drivers, were invalid because there was no "administrative scheme allowing sobriety roadblocks" other than "the general criminal law enforcement duties of the Oregon State Police." *Nelson* is inapposite in this respect. It was a case involving substantial police interference with personal liberty in circumstances where there was no individualized suspicion. The Department's rules require individualized suspicion.

Petitioners also argue more narrowly that the Department lacks authority to conduct searches of *its employees*, because such searches are not necessary to its function. The Department concedes that there are no statutes that *expressly* state that it can search employees, but points out that there are no statutes authorizing it to search inmates, either. The Department argues that its authority to search employees is implicit in its duty to "[g]overn, manage and administer" prisons, ORS 179.040(1)(a) and to "[p]rovide adequate * * * security for persons confined" in prisons, ORS 423.020(1)(d); and in the director's duty to "[p]rovide for the safety of all prisoners in the custody of the department," ORS 423.075(5)(d). The Department emphasizes that ORS 423.030 provides that "[t]he enumeration of duties, functions and powers in ORS 423.020 is not exclusive." The Department also relies on two cases from this court that held that certain police actions, which the Department considers to be analogous to the authority that it is exercising here, implicitly were authorized by statute. *See State v. Holmes*, 311 Or 400, 813 P2d 28 (1991) (statutes that authorized police to enforce the Oregon Vehicle Code, ORS chapter 810, and that required drivers of motor vehicles to stop when ordered by police to do so, ORS 811.540, authorized police to stop cars and tell the drivers to take a detour around an accident); *State v. Pidcock*, 306 Or 335, 759 P2d 1092 (1988) (general statute requiring finders of lost property to attempt to return that property to owner, ORS 98.005, authorized police to open a brief case to identify the owner).

We agree with the Department and hold that, in the present case, the challenged rules do not exceed the Department's statutory authority. The statutory duty of the Department is clear: Provide a secure and healthy environment

inside prisons. In attempting to fulfill that duty, the Department has chosen to request permission to search employees under certain circumstances. That choice is reasonably related to the Department's specific statutory duty. The legislature need not name the particular ways in which an agency must fulfill its duties in order for the particular way selected by the agency and promulgated as a rule to be permissible.

We turn to the petitioners' sole constitutional challenge to the rule. Relying on *State v. Weist*, 302 Or 370, 730 P2d 26 (1986), petitioners assert that the Department could carry out the kinds of searches contemplated by the rules under scrutiny here only if it had explicit authority to make such searches or, in the absence of such authority, "a warrant scheme." Petitioners do not explain what they mean by their use of the phrase "warrant scheme." We assume that petitioners are referring to some sort of practice of obtaining administrative warrants for searches in non-criminal contexts.

In *State v. Weist, supra,* the court was considering the propriety of the issuance of a search warrant to search for property (in that case, a pickup truck) that had been used to commit or conceal an offense. The court held that warrants could be issued for that purpose under the particular facts of that case. The court also made the following observation:

> "Besides the historic objection to general warrants, the function of the guarantee is to subordinate the power of executive officers over the people and their houses, papers, and effects to legal controls beyond the executive branch itself. *One measure of control is found in a carefully limited judicial warrant; another is found in legislative enactments defining and limiting official authority.* Without these controls, executive officers could define and exert their own authority to search and to seize however widely they thought necessary."

302 Or at 376-77 (emphasis supplied). Petitioners apparently conclude from the emphasized portion of the *Weist* opinion that this court there held that specific legislative authorization or a judicial warrant were the *only* constitutionally satisfactory controls on the exercise of executive discretion. That conclusion is wrong.

■ Assuming (without deciding) that the legislative authority that we already have held to be an adequate basis for the Department's search policy nonetheless does not sufficiently limit the scope of executive discretion concerning such searches, it is possible for the executive itself to provide such limits by establishing a systematically administered program pursuant to its statutory authority. *See, e.g., Nelson v. Lane County, supra*, 304 Or at 104 (plurality opinion) (so noting with respect to manner in which roadblocks are established); *State v. Atkinson*, 298 Or 1, 10, 688 P2d 832 (1984) (search of automobile in police possession permissible, even without individualized suspicion, if "conducted pursuant to a properly authorized administrative program, designed and systematically administered"). Here, the rules more than adequately rein in executive discretion by establishing a fully described administrative program that is triggered by individualized suspicion. The rules do not violate Article I, section 9, in this respect, and petitioners have not advanced any other theory for facial invalidation under the Oregon Constitution.

Our rulings today are limited to the specific theories advanced by petitioners. We do not decide, for example, whether it would be legally permissible to discipline an employee for refusing to consent to a search. Neither do we decide whether searches of employees' personal property located on Department property but outside of a secured facility legally may be searched. We decide only that the Department's statutory duties give it implicit authority to promulgate rules concerning the general topic dealt with by the rules in question here, and that the rules that the Department has promulgated sufficiently limit the exercise of discretion in their enforcement under the rule of *State v. Atkinson, supra*, and *Nelson v. Lane County, supra*.

■ Finally, we note that petitioners do make two factual assertions that justify some comment. First, petitioners argue that the rules permit the Department to search the homes of the Department's employees — a construction of the rules that we find totally without support. We read the Department's rules to claim authority to ask for permission to search only when the person or property to be searched is on premises supervised by the Department. We do not

understand the Department to be arguing for any broader reading of its rules.

Petitioners also assert that the Department is "allowing itself" to conduct body cavity searches of its employees. If that is true as a matter of fact, the propriety of such actions can be challenged in individual proceedings in the proper forums. ORS 183.400(1), *supra*. The Department specifically acknowledges in its brief in response to our allowance of review that rules do not authorize such acts with respect to employees or volunteers. We accept and agree to that concession as the correct construction of the rules.

The decision of the Court of Appeals is affirmed in the respects addressed in this opinion.