Submitted on record and briefs July 28, rule held valid November 8, 1995

## JOSEPH LANE ZELFER,
*Petitioner,*

*v.*

## DEPARTMENT OF CORRECTIONS,
*Respondent.*

(CA A86542)

905 P2d 244

Joseph Lane Selfer filed the brief *pro se.*

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Stephen L. Madkour, Assistant Attorney General, filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Pursuant to ORS 183.400, petitioner challenges a rule adopted by the Oregon Department of Corrections. He argues that OAR 291-97-020(7), which provides guidelines for the computation of earned-time credits for presentence incarceration, violates Article I, section 20, of the Oregon Constitution, and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.[1]

Our scope of review under ORS 183.400[2] is limited to the face of the rule and the law pertinent to it. *AFSCME Local 2623 v. Dept. of Corrections*, 315 Or 74, 79, 843 P2d 409 (1992). Judicial review of the application of the rule to individual fact situations is reserved to other forums. *See, e.g.,* ORS 183.482; ORS 183.484 (providing for judicial review of agency orders in fact-specific situations).

Petitioner concedes that the rule, on its face, provides that all inmates who are subject to the sentencing guidelines are eligible to receive earned-time credits for the time they spend incarcerated while awaiting sentencing.[3]

---

[1] Petitioner also argues that the rule is invalid because the Department exceeded its statutory grant of authority in promulgating the rule, and because the Department failed to follow the proper rulemaking procedures. Those arguments lack merit and do not require discussion.

[2] ORS 183.400 provides, in relevant part:

"(3) Judicial review of a rule shall be limited to an examination of:

"(a) The rule under review;

"(b) The statutory provisions authorizing the rule; and

"(c) Copies of all documents necessary to demonstrate compliance with applicable rulemaking procedures.

"(4) The court shall declare the rule invalid only if it finds that the rule:

"(a) Violates constitutional provisions;

"(b) Exceeds the statutory authority of the agency; or

"(c) Was adopted without compliance with applicable rulemaking procedures."

[3] OAR 291-97-020(7) provides:

"Determination of Earned Time Credits During Presentence Incarceration: Earned time credits will be computed for the period in which an inmate is in custody in a non-Department of Corrections facility prior to sentencing, based solely on the inmate's conduct in the facility. Conduct compliance will be assumed, unless the Department receives documentation of an adjudicated misconduct from the facility. The inmate will be granted an effective 0 to 20 percent reduction in the sentencing guidelines prison term proportional for the length of presentence incarceration. Any adjudicated misconduct during the

Petitioner contends, however, that the Department "says OAR 291-97-020(7) is not retroactive even though all inmates are bound by it." He argues, as a consequence, that he and other inmates who were incarcerated before the effective date of the rule, June 9, 1993, are denied the opportunity to receive earned-time credits for presentence incarceration. He asserts that the Department's refusal to apply the rule retroactively to him denies him equal treatment in violation of the state and federal constitutions.

The basis for petitioner's argument is unclear, because the rule does not provide that it applies only prospectively. Even assuming, however, that petitioner's challenge has some basis in fact, such a challenge would be to the application of the rule to petitioner in a manner that violates the equal treatment guarantees in the state and federal constitutions. Petitioner's challenge is *not* to the rule as it is written. Consequently, his challenge is beyond the scope of our review under ORS 183.400.

Rule held valid.

---

presentence incarceration will result in an effective 0 percent reduction in the sentencing guidelines prison term proportional for the length of presentence incarceration. Conduct compliance will result in an effective 20 percent reduction in the sentencing guidelines prison term proportional for the length of presentence incarceration."