Argued and submitted March 29, OAR 580-022-0045(3) held invalid
September 28, 2011

OREGON FIREARMS EDUCATIONAL FOUNDATION,
an Oregon nonprofit corporation,
*Petitioner,*

*v.*

BOARD OF HIGHER EDUCATION
and Oregon University System,
*Respondents.*

State Board of Education
A142974

264 P3d 160

Vance D. Day argued the cause for petitioner. With him on the briefs was Adams, Day & Hill.

James N. Westwood argued the cause for respondents. With him on the brief were P. K. Runkles-Pearson, and Stoel Rives LLP.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Rosenblum, Senior Judge.

ROSENBLUM, S. J.

## ROSENBLUM, S. J.

In this administrative rule challenge, ORS 183.400(1), petitioner Oregon Firearms Educational Foundation seeks the invalidation of an administrative rule of the Oregon State Board of Higher Education and the Oregon University System (respondents) that imposes sanctions on persons who possess or use firearms on university property. Petitioner contends that the rule exceeds respondents' statutory authority, that it is preempted by ORS 166.170, and that it violates the Second Amendment to the United States Constitution. We conclude that the rule is preempted and therefore do not address whether it also violates the Second Amendment. Accordingly, we conclude that the rule is invalid.

ORS 183.400 provides, in part:

"(1)   The validity of any rule may be determined upon a petition by any person to the Court of Appeals in the manner provided for review of orders in contested cases. * * *

"* * * * *

"(3)   Judicial review of a rule shall be limited to an examination of:

"(a)   The rule under review;

"(b)   The statutory provisions authorizing the rule; and

"(c)   Copies of all documents necessary to demonstrate compliance with applicable rulemaking procedures.

"(4)   The court shall declare the rule invalid only if it finds that the rule:

"(a)   Violates constitutional provisions;

"(b)   Exceeds the statutory authority of the agency; or

"(c)   Was adopted without compliance with applicable rulemaking procedures."

The court's review of an administrative rule is limited to the "face" of the rule, *AFSCME Local 2623 v. Dept. of Corrections*, 315 Or 74, 79, 843 P2d 409 (1992), and the court may declare a rule invalid only if the rule violates the constitution,

exceeds the agency's statutory authority, or was adopted without compliance with rulemaking procedures.

Respondent State Board of Higher Education has broad authority under ORS 351.070 to adopt rules for the governance of institutions under its control. In 1991, the State Board of Higher Education adopted the rule under review, OAR 580-022-0045(3):

> "Procedures to impose applicable sanctions may be instituted against *any person* engaged in any of the following proscribed conduct:
>
> "* * * * *
>
> "(3) Possession or use of firearms, explosives, dangerous chemicals, or other dangerous weapons or instrumentalities on institutionally owned or controlled property, unless expressly authorized by law, Board, or institutional rules (for purposes of this section, absence of criminal penalties shall not be considered express authorization)[.]"

(Emphasis added.)

In its first assignment, petitioner asserts that the State Board of Higher Education exceeded its authority in adopting OAR 580-022-0045(3), because the rule contradicts state law in two respects. First, petitioner contends, the rule exceeds the scope of the State Board of Higher Education's authority to adopt administrative rules as provided in ORS 351.070. ORS 351.070(4) provides:

> "Subject to such delegation as the board may decide to make to the institutions, divisions and departments under its control, the board, for each institution, division and department under its control:
>
> "* * * * *
>
> "(b) Shall adopt rules and bylaws for the government thereof, including the faculty, teachers, students and employees therein."

In petitioner's view, ORS 351.070(4)(b) authorizes only rules of governance relating to "the faculty, teachers, students and employees," and does not authorize rules governing "any person," *i.e.*, a member of the public who is neither a faculty member, teacher, student, nor employee. Petitioner contends

that there is no other statute that authorizes the State Board of Higher Education to adopt rules that affect members of the public. Thus, petitioner contends, there was no authority for the State Board of Higher Education to adopt a rule relating to possession of firearms by "any person."

We reject petitioner's contention. In the first place, we do not construe ORS 351.070(4)(b) in such a limited way. The statute gives the State Board of Higher Education authority to adopt rules and bylaws for the government of the educational institutions under its control, "*including* the faculty, teachers, students, and employees therein." (Emphasis added.) Typically, statutory terms such as "including," when they precede a list of statutory examples, convey an intent that an accompanying list of examples be read in a nonexclusive sense. *State v. Kurtz*, 350 Or 65, 75, 249 P3d 1271 (2011). The fact that ORS 351.070(4) includes an express list of persons who are included within the State Board of Higher Education's authority relating to providing rules for the government of university institutions does not mean that others are excluded from the State Board of Higher Education's control.

Further, we note that ORS 351.060 gives the board authority to

"(1)   Control * * * the grounds, buildings, books, papers and documents belonging to each and all the institutions, departments or activities under the control of the State Board of Higher Education.

"(2)   Manage, control and apply all property of whatever nature given to or appropriated for the use, support or benefit of any or all of the institutions, departments or activities under the control of the State Board of Higher Education."

We conclude that the broad scope of the authority of the State Board of Higher Education to control and manage its properties includes the authority to make rules regarding the conduct of visitors or members of the public on institutional properties.

Petitioner next contends that the State Board of Higher Education exceeded its authority by enacting OAR

580-022-0045(3) because the rule is inconsistent with state law, specifically ORS 166.370, which petitioner contends expressly permits individuals with concealed handgun licenses to carry firearms on college and university campuses.

First, we note that OAR 580-022-0045(3) states that the possession of handguns on institutional property is prohibited, unless "expressly authorized by law." If, as petitioner contends, the possession of handguns on public university campuses is expressly authorized by law, then OAR 580-022-0045 would not be inconsistent with that provision. We proceed with the question whether state law expressly authorizes the possession of firearms on public university campuses.

ORS 166.370(1) criminalizes as a Class C felony the possession of a firearm in a public building. ORS 166.370(3) provides an exception for "[a] person who is licensed under ORS 166.291 and 166.292 to carry a concealed handgun." That exception, petitioner contends, demonstrates the legislature's intention to expressly authorize persons with concealed handgun permits to carry firearms in public buildings, including buildings on state college and university campuses. We reject the contention that a statutory exception to criminal sanctions for the possession of a handgun in public buildings indicates an intention to require public educational institutions to permit concealed handguns. ORS 166.370 does not speak to the State Board of Higher Education's authority to adopt a policy to exclude handguns from its institutional facilities. OAR 580-022-0045(3) therefore is not inconsistent with the statute.

In its second assignment, petitioner contends that OAR 580-022-0045(3) is preempted by state law, specifically ORS 166.170. That statute provides:

"(1) Except as expressly authorized by state statute, *the authority to regulate in any matter whatsoever* the sale, acquisition, transfer, ownership, possession, storage, transportation or use of firearms or any element relating to firearms and components thereof, including ammunition, is vested solely in the Legislative Assembly.

"(2)  Except as expressly authorized by state statute, *no county, city or other municipal corporation or district may enact civil or criminal ordinances*, including but not limited to zoning ordinances, to regulate, restrict or prohibit the sale, acquisition, transfer, ownership, possession, storage, transportation or use of firearms or any element relating to firearms and components thereof, including ammunition. Ordinances that are contrary to this subsection are void."

(Emphasis added.) In *Starrett v. City of Portland*, 196 Or App 534, 541, 102 P3d 728 (2004), we first considered the effect and interplay of the two subsections of the statute and said:

"ORS 166.170(1) vests in the legislature the exclusive authority to regulate various activities pertaining to firearms:

"* * * * *

"ORS 166.170(2) reinforces that exclusive authority by expressly prohibiting cities from regulating activities involving firearms unless the legislature has granted that authority expressly[.]"

Thus, as this court interpreted the subsections in *Starrett*, they work together: ORS 166.170(1) states a general preemption; ORS 166.170(2) expressly prohibits the regulation of activities involving firearms unless the legislature has expressly authorized it. Together, this court said, "the limits that the pertinent statutes place on a city's authority are limits on the authority to *enact ordinances* that *regulate* firearms." 196 Or App at 542 (emphasis in original).

More recently, in *Doe v. Medford School Dist. 549C*, 232 Or App 38, 221 P3d 787 (2009), we again addressed the preemptive effect of ORS 166.170, in the context of a school district policy concerning the possession of firearms by school district employees. We began by noting that whether and the extent to which a state statute has preemptive effect is a question of legislative intent. 232 Or App at 46.

In *Doe*, we once again attempted to discern how the two subsections worked, separately and together. First addressing ORS 166.170(2), we explained that, through reference to other statutes using the term "ordinance" and

dictionary definitions, it was possible to discern that "whatever else the term 'ordinance' may mean in other contexts, it is clear that, when used in ORS 166.170(2), the term refers to the type of 'ordinance' that is enacted into law by governmental entities acting in their legislative capacities." 232 Or App at 50. We held that the Medford School District's internal employment policy was not the sort of "ordinance" that ORS 166.170(2) prohibited.

We then addressed ORS 166.170(1) and considered whether that subsection has preemptive effect independent of ORS 166.170(2). *Id.* at 50. "In brief," we concluded, both subsections were enacted into law by the legislature, and both, for that reason, must be given effect. *Id.* at 51. We acknowledged that, "if read literally, ORS 166.170(1) would seem to make a redundancy of ORS 166.170(2)." Nonetheless, we said, that did not obviate the need to determine how the two provisions work together as a whole. *Id.* at 52.

In considering the meaning of the phrase "authority to regulate," as used in ORS 166.170(1), we examined the dictionary definitions of "regulate," prior cases, and legislative history, and concluded that,

"in preempting authority to 'regulate' firearms [the legislature] intended to target only 'regulations' in the sense of enacted laws by municipal authorities acting on their 'organic authority as a governmental entity.' "

*Id.* at 57 (quoting *Starrett*, 196 Or App at 543-44).

·In addressing the interplay between the two subsections, we noted that "the relationship between ORS 166.170(1) and (2) is perplexing":

"If plaintiff is correct and if ORS 166.170(1) establishes that the legislature has sole authority to 'regulate' firearms—in the broadest sense—then ORS 166.170(2) becomes meaningless surplusage. By the same token, if ORS 166.170(1) means only that local governments lack authority to adopt enactments regulating firearms, then the purpose of that subsection becomes unclear, as ORS 166.170(2) already states the same thing in words more specific and precise."

*Id.* We explained that resort to legislative history "reveals no clear indication as to the legislature's intentions," but confirms "that the focus of the legislature was on avoiding a patchwork quilt of local government *laws* inconsistently regulating the use of firearms." *Id.* (emphasis in original). Considering that history, as well as the relevant canons of construction, we concluded that, "consistently with what the legislative history suggests, the legislature intended the preemptive effect of ORS 166.170(1) to be limited to the *lawmaking authority* of local governments." *Id.* at 60 (emphasis added). We concluded that the school district's policy was not the exercise of that sort of "authority to regulate" and that, therefore, it was not preempted by ORS 166.170(1). *Id.* at 61.

Thus, our opinion in *Doe* reconciled the two subsections to the extent necessary to address whether the school district's policy was preempted by either subsection. The answer was "no," because the school district's policy was not an "ordinance" within the meaning of ORS 166.170(2) and was not the sort of exercise of "authority to regulate" preempted by ORS 166.170(1).

Petitioner contends that the State Board of Higher Education's administrative rule is exactly the kind of regulation and exercise of "lawmaking authority" that the legislature intended to prohibit. Respondents do not dispute that OAR 580-022-0045(3) "regulates." However, relying on our discussion in *Doe*, they contend that the State Board of Higher Education's enactment of OAR 580-022-0045(3) is not an exercise of the sort of authority to regulate that is preempted by ORS 166.170(1). Respondents contend that *Doe* supports the conclusion that the type of regulation subject to the preemptive effect of ORS 166.170(1) is the same type of regulation to which ORS 166.170(2) applies—that is, regulation by cities, counties, municipalities, or districts, *i.e.*, by local governments in the exercise of their lawmaking authority, and not the regulation of the use of its property by an administrative agency such as the State Board of Higher Education.

We acknowledge that there are statements in *Doe* and in the legislative history that could be understood to support respondents' view that ORS 166.170(1) is limited to

enactments by *local governments. See, e.g., id.* at 60 ("[T]he legislature intended the preemptive effect of ORS 166.170(1) to be limited to the lawmaking authority of local governments."); Tape Recording, House Floor Debates, HB 2784, Apr 12, 1995, Tape 82, Side A (statement of Rep Veral Tarno) (stating that bill was necessary to ensure uniform statewide standards and that it "would preempt local government authority to regulate sale, ownership, transfer, possession, and use of firearms"). However, a close reading of *Doe* as well as the legislative history, leads to the conclusion that the intended emphasis in *Doe*, was on whether the school district's policy was an exercise of "lawmaking authority" and not on whether it was an enactment of a "local government." Significantly, the dispute in *Doe* was not about whether the school district was a local government; it clearly was. Rather, *Doe* was about whether the school district's policy was a prohibited regulation. In other words, the import of our discussion in *Doe* was not that only enactments of local governments are preempted by ORS 166.170(1). Rather, the import of our discussion was that the type of regulation preempted was the type of regulation made pursuant to "lawmaking authority." That is borne out by the opinion's emphasis in its concluding discussion that the legislature's concern was directed at preventing Oregon citizens from having to travel "through a 'patchwork' of inconsistent laws [and], perhaps unknowingly, violating local firearms restrictions." *Id.* at 60. Resorting finally to canons of construction, we concluded that a school district's internal employee policy did not "represent the sort of exercise of 'authority to regulate' firearms that the statute preempts." *Id.* at 61.

Thus, the question here, as in *Doe*, is whether the challenged enactment—OAR 580-022-0045(3)—represents the sort of exercise of "authority to regulate" that is preempted by ORS 166.170(1). Although it is clear from the legislative history that the legislature did not expressly contemplate whether a state agency's administrative rules might be encompassed within the preemption of ORS 166.170(1), this particular rule would seem on its face to be the type of regulation that was intended to be preempted. Administrative rules, unlike internal employment policies, have the regulatory force and effect of law. *See Meltebeke v. Bureau of Labor*

*and Industries,* 322 Or 132, 157, 903 P2d 351 (1995) ("The rules [of the Bureau of Labor and Industries] have the effect of statutory law."); *Atchley v. GTE Metal Erectors,* 149 Or App 581, 586, 945 P2d 557, *rev den,* 326 Or 133 (1997) ("Generally, administrative rules and regulations have the same regulatory force as statutes."). Unlike the internal employment policy at issue in *Doe,* OAR 580-022-0045(3) was enacted pursuant to the quasi-legislative "lawmaking" authority of the State Board of Higher Education. It is a rule of general applicability that applies to any person "on institutionally owned or controlled property," and would appear to be the sort of "local firearms restriction" that the legislature had in mind when it enacted ORS 166.170(1).

Although the State Board of Higher Education is an arm of the state, it is not the Legislative Assembly. And while, as noted, the State Board of Higher Education has general authority to control and manage its property, ORS 351.060, and to enact administrative rules, ORS 351.070(4)(b), no argument can be reasonably made that OAR 580-022-0045(3)—which regulates the very subject expressly preempted by ORS 166.170(1)—was "expressly authorized" by the Legislative Assembly. *See* ORS 166.170(1). Therefore, we conclude that OAR 580-022-0045(3) is an exercise of an "authority to regulate" firearms that is not expressly authorized by the Legislative Assembly, and that it is preempted by ORS 166.170(1).[1] Accordingly, the rule exceeds the agency's authority, ORS 183.400(4)(b), and is invalid.

OAR 580-022-0045(3) held invalid.

---

[1] In view of our conclusion, we need not address whether the rule is also preempted by ORS 166.170(2).