Submitted June 6, 2014, OAR 859-050-0010 held valid April 15, 2015

# ARLEN PORTER SMITH,
*Petitioner,*

*v.*

# PSYCHIATRIC SECURITY REVIEW BOARD,
*Respondent.*

Psychiatric Security Review Board
A155187

349 P3d 569

Arlen Porter Smith filed the brief *pro se.*

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Judy C. Lucas, Senior Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Hadlock, Judge, and Tookey, Judge.

SERCOMBE, P. J.

**SERCOMBE, P. J.**

In a proceeding pursuant to ORS 183.400(1),[1] petitioner challenges the validity of an administrative rule adopted by respondent Psychiatric Security Review Board (PSRB). We write to address petitioner's contention that OAR 859-050-0010, a rule that specifies certain information that PSRB must include in its prehearing written notice, is inconsistent with ORS 161.346 and ORS 183.413 and, therefore, exceeds PSRB's statutory authority.[2] We reject petitioner's remaining assertions without discussion. As explained below, we conclude that the rule is valid.

The rule at issue, OAR 859-050-0010, relating to adult psychiatric security review board hearings,[3] provides:

"Written notice shall contain the following:

---

[1] ORS 183.400 provides, in part:

"(1) The validity of any rule may be determined upon a petition by any person to the Court of Appeals in the manner provided for review of orders in contested cases. The court shall have jurisdiction to review the validity of the rule whether or not the petitioner has first requested the agency to pass upon the validity of the rule in question, but not when the petitioner is a party to an order or a contested case in which the validity of the rule may be determined by a court.

"(2) The validity of any applicable rule may also be determined by a court, upon review of an order in any manner provided by law or pursuant to ORS 183.480 or upon enforcement of such rule or order in the manner provided by law.

"(3) Judicial review of the rule shall be limited to an examination of:

"(a) The rule under review;

"(b) The statutory provisions authorizing the rule; and

"(c) Copies of all documents necessary to demonstrate compliance with applicable rulemaking procedures.

"(4) The court shall declare the rule invalid only if it finds that the rule:

"(a) Violates constitutional provisions;

"(b) Exceeds the statutory authority of the agency; or

"(c) Was adopted without compliance with applicable rulemaking procedures."

[2] To the extent that petitioner, in his first ground for challenge, asserts that, for the same reasons he asserts that the rule exceeds PSRB's statutory authority, it also "fail[s] the requirements set upon respondent related to required rule-making procedure," we reject that contention without published discussion.

[3] PSRB monitors the mental and physical health and treatment of persons placed under its jurisdiction as a result of a finding by a court of "guilty except for insanity." ORS 161.327; OAR 859-030-0005.

"(1)  Time, place and location of the hearing.

"(2)  The issues to be considered, reference to statutes and rules involved, authority and jurisdiction.

"(3)  Statement of rights of the patient at the hearing, including the following:

"(a)  Right to appear at all proceedings, except Board deliberations;

"(b)  Right to cross-examine all witnesses appearing to testify at the hearing;

"(c)  Right to subpoena witnesses and documents as provided in ORS 161.395;

"(d)  Right to legal counsel and, if indigent as defined by the indigency standard set forth by the State Court Administrator's Office, to have counsel provided without cost;

"(e)  Right to examine all information, documents and reports under consideration."

Pursuant to ORS 183.400(4), a petitioner may challenge the validity of a rule by asserting that it (1) violates a constitutional provision, (2) exceeds the agency's statutory authority, or (3) was adopted without compliance with applicable rulemaking procedures.

"In a challenge to a regulation under ORS 183.400(4), this court first decides whether the regulation was promulgated according to applicable rulemaking procedures. We then decide whether the promulgation of the regulation was within the jurisdictional authority of the promulgating agency and whether the substance of the regulation neither departed from the legal standard expressed or implied in the enabling statute, nor contravened any other applicable statute. Only after determining that the regulation meets those requirements do we consider the question whether the regulation violates any provision of the Oregon or United States Constitution."

*Gilliam County v. Dept. of Environmental Quality*, 316 Or 99, 106, 849 P2d 500 (1993), *rev'd on other grounds sub nom*

*Oregon Waste Systems, Inc. v. Department of Environmental Quality of Ore.*, 511 US 93, 114 S Ct 1345, 128 L Ed 2d 13 (1994).

> "Aside from questions that might arise concerning the facts surrounding the process of adopting a rule * * * judicial review under ORS 183.400 is limited to the face of the rule and the law pertinent to it. Numerous individual fact situations can arise under any rule, but judicial review of the rule as applied to each of those situations is reserved to other forums."

*AFSCME Local 2623 v. Dept. of Corrections*, 315 Or 74, 79, 843 P2d 409 (1992); *see also Oregon Newspaper Publishers v. Dept. of Corrections*, 329 Or 115, 118-19, 988 P2d 359 (1999) ("The reviewing court examines the challenged rules only to determine whether those rules on their face comply with applicable constitutional and statutory requirements. If the rules comply, then any further challenge to them must be made on an 'as applied' basis."). Here, petitioner contends that OAR 859-050-0010 exceeds PSRB's statutory authority because it does not list all the advisements set forth in ORS 183.413(2). Specifically, petitioner points to ORS 161.346(6) and the provisions of ORS 183.413(2).

Under ORS 161.346(5), when PSRB conducts a hearing under ORS 161.315 to 161.351,

> "[t]he agency exercising jurisdiction over the person shall furnish to the person about whom the hearing is being conducted, the attorney representing the person, the Attorney General, the district attorney and the court or department of the county from which the person was committed written notice of any hearing pending under this section within a reasonable time prior to the hearing. The notice shall include:
>
> "(a) The time, place and location of the hearing.
>
> "(b) The nature of the hearing and the specific action for which a hearing has been requested, the issues to be considered at the hearing and a reference to the particular sections of the statutes and rules involved.
>
> "(c) A statement of the legal authority and jurisdiction under which the hearing is to be held.

"(d)    A statement of all rights under subsection (7) of this section."

ORS 161.346(7), in turn, provides:

"At the hearing, the person about whom the hearing is being held shall have the right:

"(a)    To appear at all proceedings held pursuant to this section, except for deliberations.

"(b)    To cross-examine all witnesses appearing to testify at the hearing.

"(c)    To subpoena witnesses and documents as provided in ORS 161.395.

"(d)    To be represented by suitable legal counsel possessing skills and experience commensurate with the nature and complexity of the case, to consult with counsel prior to the hearing and, if financially eligible, to have suitable counsel appointed at state expense.

"(e)    To examine all information, documents and reports that the agency considers. If then available to the agency, the information, documents and reports shall be disclosed to the person so as to allow examination prior to the hearing."

In addition, ORS 161.346(6) references the Administrative Procedures Act (APA), providing that, "[p]rior to the commencement of the hearing, the agency shall serve personally or by mail a written notice to each party as provided in ORS 183.413(2)." Under ORS 183.413(2), an agency must advise parties to a hearing of a large number of items, including some that are not included in OAR 859-010-0050.[4]

---

[4] Specifically, ORS 183.413(2) provides, in part:

"Prior to the commencement of a contested case hearing before any agency including those agencies identified in ORS 183.315, the agency shall serve personally or by mail a written notice to each party to the hearing that includes the following:

"(a) The time and place of the hearing.

"(b) A statement of the authority and jurisdiction under which the hearing is to be held.

"(c) A statement that generally identifies the issues to be considered at the hearing.

In view of those statutory provisions, petitioner contends that, "[a]lthough OAR 859-050-0010 complies with the provisions of ORS 161.346 subsections (5) and (7), it does not comply with the requirements of ORS 161.346(6) and ORS 183.413(2)" because "ORS 183.413(2) adds multiple requirements to the advisements which must be contained

"(d) A statement indicating that the party may be represented by counsel and that legal aid organizations may be able to assist a party with limited financial resources.

"(e) A statement that the party has the right to respond to all issues properly before the presiding officer and present evidence and witnesses on those issues.

"(f) A statement indicating whether discovery is permitted and, if so, how much discovery may be requested.

"(g) A general description of the hearing procedure including the order of presentation of evidence, what kinds of evidence are admissible, whether objections may be made to the introduction of evidence and what kind of objections may be made and an explanation of the burdens of proof or burdens of going forward with the evidence.

"(h) Whether a record will be made of the proceedings and the manner of making the record and its availability to the parties.

"(i) The function of the record-making with respect to the perpetuation of the testimony and evidence and with respect to any appeal from the determination or order of the agency.

"(j) Whether an attorney will represent the agency in the matters to be heard and whether the parties ordinarily and customarily are represented by an attorney.

"(k) The title and function of the person presiding at the hearing with respect to the decision process, including, but not limited to, the manner in which the testimony and evidence taken by the person presiding at the hearing are reviewed, the effect of that person's determination, who makes the final determination on behalf of the agency, whether the person presiding at the hearing is or is not an employee, officer or other representative of the agency and whether that person has the authority to make a final independent determination.

"(l) In the event a party is not represented by an attorney, whether the party may during the course of proceedings request a recess if at that point the party determines that representation by an attorney is necessary to the protection of the party's rights.

"(m) Whether there exists an opportunity for adjournment at the end of the hearing if the party then determines that additional evidence should be brought to the attention of the agency and the hearing reopened.

"(n) Whether there exists an opportunity after the hearing and prior to the final determination or order of the agency to review and object to any proposed findings of fact, conclusions of law, summary of evidence or recommendations of the officer presiding at the hearing.

"(o) A description of the appeal process from the determination or order of the agency."

in respondent's prehearing notice of rights which [OAR 859-050-0010] ignores." We reject petitioner's contention that the rule is invalid because it does not list all of the advisements set forth in ORS 183.413(2).[5]

First, we observe that OAR 859-050-0010 implements ORS 161.346 and restates the requirements of ORS 161.346(5). Both the rule and that statutory section provide that PSRB's prehearing notice shall include (1) the time, place, and location of the hearing; (2) the issues to be considered at the hearing and reference to the statutes and rules involved; (3) the legal authority and jurisdiction for the hearing; (4) a statement of the patient's right to appear at all proceedings, except PSRB deliberations; (5) a statement of the patient's right to cross-examine all witnesses who appear to testify at the hearing; (6) a statement of the patient's right to subpoena witnesses and documents; (7) a statement of the patient's right to be represented by legal counsel and, if indigent, to have counsel provided without cost; and (8) a statement of the patient's right to examine all information, documents, and reports under consideration. Thus, on its face, the rule is specifically directed toward the advisements that must be included in PSRB's prehearing notices. Although the rule mandates that the notice "shall contain" the items set forth above, it does not limit the content of the notice to exclude anything not listed therein. In other words, the rule does not preclude the notice from including the broader list of advisements from the APA; it merely lists the particular items that are required to be included pursuant to a different statutory section. *See Webster's Third New Int'l Dictionary* 491 (unabridged ed 2002) (to contain is to have within, to include); *see also id.* at 1143 (The term "include" indicates "enclosure or containment by a larger class or

---

[5] We assume, without deciding, that the rule must be consistent with the version of the statute in effect at the time of the rule challenge. We note, however, that the version of OAR 859-050-0010 at issue in this case became effective in January 1995 and, at that time, ORS 183.413(2) provided that, prior "to the commencement of a contested case hearing before any agency including those agencies identified in ORS 183.315, the agency shall inform each party to the hearing of" certain matters. That information could be conveyed orally before commencement of the hearing. Thus, unlike the current statute, the 1995 version of ORS 183.413(2) did not set forth requirements for a mandated prehearing written notice.

whole of a smaller class or specific item or part." Include "may call more attention to the single item or smaller class by stressing the fact of its existence or the fact of its not having been overlooked."). Thus, under the rule, the notice must have the listed items within it, but need not have *only* those items.

We further note that, because it implements a different statutory section, the rule does not merely contain an incomplete list of the prehearing notice requirements of ORS 183.413(2). Rather, OAR 859-050-0010 mandates advisements that are not required under the APA generally. Thus, for example, where ORS 183.413(2)(j) requires an advisement regarding "whether the parties ordinarily and customarily are represented by an attorney," ORS 161.346 and OAR 859-050-0010 require an advisement specific to the type of proceedings at issue—that a patient at the hearing has a right to counsel, and, if financially eligible, a right to counsel appointed at no cost. Similarly, advisements of a right to cross-examine and subpoena witnesses are required under ORS 161.346 and OAR 859-050-0010, but not under ORS 183.413(2).

In sum, we conclude that, in listing a more limited and specific set of advisements that must be included in PSRB's prehearing notices, OAR 859-050-0010 does not conflict with the statutes listed by petitioner. The rule does not limit the advisements that the notice may contain to the items set forth in the rule; it merely provides that those items must be included. Accordingly, OAR 859-050-0010 does not conflict with the statutes identified by petitioner and, therefore, does not exceed the agency's authority. Given that, on its face, the rule does not conflict with the requirements of the statutes, any further challenge to it, or to a particular notice from the agency, must be made on an "as applied" basis. *See Oregon Newspaper Publishers*, 329 Or at 119.

OAR 859-050-0010 held valid.